IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02516-BNB

JAYDEE RUSSELL,

Plaintiff,

v.

WESLEY RIVERA, Head Nurse,
RHODA MONTOYA, Lt. La Plata County Jail, and
DUKE SCHIRARD, Sheriff La Plata County,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 11 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jaydee Russell, currently is detained at the La Plata County Jail in Durango, Colorado. Mr. Russell has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. Russell is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Russell will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint filed by Mr. Russell and finds that it is deficient. Mr. Russell fails to allege facts to demonstrate that each named defendant personally participated in the asserted constitutional violation. Mr. Russell asserts six claims for relief against either Defendant Wesley Rivera or Defendant Rhoda Montoya. He fails, however, to state a claim against Defendant Duke Schirard.

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Russell must show that each named defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Therefore, Mr. Russell will be directed to file an Amended Complaint that alleges how each named defendant personally participated in the asserted constitutional violation. In order for Mr. Russell to state a claim in federal court, the Amended "[C]omplaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Russell is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and named defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Mr. Russell file **within thirty days from the date of this Order** an original and sufficient copies of an Amended Complaint that complies with the Order. It is

Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Russell must show that each named defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Therefore, Mr. Russell will be directed to file an Amended Complaint that alleges how each named defendant personally participated in the asserted constitutional violation. In order for Mr. Russell to state a claim in federal court, the Amended "[C]omplaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Russell is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and named defendants to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that Mr. Russell file **within thirty days from the date of this Order** an original and sufficient copies of an Amended Complaint that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Russell, together with a copy of this Order, two copies of the Prisoner Complaint form for use in filing the Amended Complaint. It is

FURTHER ORDERED that, if Mr. Russell fails to file an original and sufficient copies of an Amended Complaint that complies with this Order to the Court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED February 11, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02516-BNB

Jaydee Russell
Prisoner No. 4591
La Plata County Det. Center
742 Turner Drive
Durango, CO 81303

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 2/11/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk