IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02516-REB-MJW

JAYDEE RUSSELL,

    Plaintiff,

v.

WESLEY RIVERA (Head Nurse),
RHODA MONTOYA (Lt. La Plata County Jail),
DUKE SCHIRARD (Sheriff La Plata County).

    Defendants.

---

## FINDINGS AND RECOMMENDATIONS
## RE: PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTION

---

**RECOMMENDATIONS ENTERED BY MAGISTRATE JUDGE DAVID L. WEST:**

    Plaintiff's Motion for Preliminary Injunction was referred to this Magistrate Judge by Judge Robert E. Blackburn on May 22, 2008. A hearing on the Motions for Preliminary Injunction was held on June 19, 2008 before this Magistrate Judge in Durango, Colorado at 103 Sheppard Drive, Room 235, Durango, Colorado.

    Plaintiff filed two identical Motions for Preliminary Injunction on January 14, 2008 and April 3, 2008, respectively seeking an order that the jail staff at the La Plata County jail provide him with "medication, access to a doctor for physical pain, an inhaler for lung damage, and access to a mental doctor." [Docket #10 and Docket #29.] Defendants filed a Response along with an exhibit (made part of the record as Exhibit A) on May 2, 2008. Thereafter, Plaintiff filed

a reply entitled Plaintiff's Response to Defendants, "Response to Plaintiff's Motion for Preliminary Injunction" dated 5-2-2008. [Docket #41.] I have considered these pleadings along with the evidence presented at the June 19th 2008, hearing and,

**IT IS RECOMMENDED** that Plaintiff's Motions for Preliminary Injunction be denied. This recommendation is based upon the following:

### FINDINGS OF FACT

While at the La Plata County Jail (the "Jail") since March 22, 2007, Plaintiff has been seen and cared for by a number of physicians. The visits with the physicians took place either at the La Plata County Jail or the Plaintiff was transported to the physician's facilities for treatment.

Specifically, Plaintiff was seen by Dr. Mattox, a psychiatrist, on a number of occasions for mental health issues. Dr. Mattox provided good care and according to the Plaintiff, he received the benefit of that care even though Dr. Mattox found no psychosis after approximately nine (9) months of care and prescribing medications, i.e., Wellbutrin for ADHD and Seraquel to enable sleep. Dr. Mattox discontinued those medications based upon information that Plaintiff was concealing "cheeking" the meds and either saving them or trading the medications for phone cards with other inmates.

Plaintiff was also placed under the care of Dr. Searfus primarily for pre-existing medical conditions upon his admission to the Jail, i.e., tooth pain, hepatitis, genital warts, and chronic neck pain. She also treated Plaintiff for common ailments while in the Jail such as a cold. For much of Plaintiff's ailments Dr. Searfus prescribed Motrin for pain management, and such was administered by the Jail staff. Further, in late January in 2008, Dr. Searfus ordered a screening for Hepatitis C and Plaintiff was informed by the doctor that although Plaintiff has chronic active

2

Hepatitis C and that two of the seven variables contained in the hepatic panel registered high, there was "no evidence of liver failure currently" and therefore, nothing to be done at this time.

Plaintiff received significant care for dental issues and was treated by Dr. Terrence Jakubanus at his dental facility on at least three (3) occasions. Plaintiff came to the Jail with significant tooth pain and Dr. Jakubanus pulled at least three (3) teeth and provided treatment to ease pain and further addressed further tooth decay and gum disease.

Although there was no evidence concerning the Plaintiff's demand for an O2 inhaler and there was no testimony on that issue at the hearing, the Court finds that there is no serious deprivation resulting from this lack of an inhaler in his medical regimen.

## CONCLUSIONS OF LAW

### Standards

The purpose of a Preliminary Injunction is to preserve the relative positions of the parties until a trial on the merits can be held. The moving party must show:

1. The movant will suffer irreparable injury unless the injunction issues;

2. The threatened injury to the movant outweighs whatever damages the proposed injunction will cause the opposing parties;

3. The injunction, if issued, would not be adverse to the public interest; and

4. There is a substantial likelihood that the movant will eventually prevail on the merits.

*Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (applying the standard articulated) and *Prairie Band of Potowatomi Indians v. Pierce*, 253 F.3d 1234, 1246 (10th Cir. 2001).

**Plaintiff will not suffer irreparable harm if the Motion for Preliminary Injunction is denied.**

"To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). "[T]o satisfy this factor of the preliminary injunction test, a movant must establish both that harm will occur, and that, when it does, such harm will be irreparable." *Vega v. Wiley*, 2007 WL 4386043, *1 (10th Cir. 2007) (unpublished). Based upon the pleadings and evidence produced at the hearing, Plaintiff has not met his burden that any such harm will occur while at the La Plata County Jail, or that, if it does, such harm would be irreparable.

**Any Threatened Injury to the Movant / Plaintiff Does Not Outweigh Whatever Damages the Proposed Injunction May Cause to the Opposing Party.**

Plaintiff has not established or even alleged with any specificity that irreparable injury would result from denial of his Motions for Preliminary Injunction. On the other hand, the grant of an injunction would supplant the discretion normally delegated to physicians and followed by Jail officials. This authority is better left to the experts who have already been caring for and administering to the Plaintiff while at the La Plata County Jail.

**Injunction, If Issued, Would Adversely Affect the Public Interest.**

Plaintiff's requested relief in this case essentially amounts to Court supervision of his medical care. The Court is not satisfied based upon the evidence and the pleadings that taking such action would be in the public interest. In fact, it appears from the evidence that Plaintiff is receiving adequate medical treatment.

**Plaintiff Does Not State Facts That Would Give Rise to Success
on the Merits of Any Relevant Claim Under Either the 8th Amendment
or 14th Amendment of the United States Constitution and Therefore
There Is No Substantial Likelihood of Success on the Merits of Plaintiff's Case.**

A. Plaintiff has not stated facts that would give rise to success on the merits of any relevant claim under the 8th Amendment.

"In order to state an 8th Amendment claim [that he has been denied adequate medical treatment in violation of the 8th Amendment], a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[O]nly the unnecessary *and wanton* infliction of pain implicates the 8th Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (Emphasis in original). "Disagreements with the treatment provided by prison medical staff do not in themselves rise to the level of deliberate indifference necessary to violate the 8th Amendment." See *Perkins v. Kansas Dept. of Corrections*, 165 F.3d 803, 811 (10th Dir. 1999). Furthermore, inadvertent or negligent failure to provide medical care, however serious the consequences, does not rise to 'deliberate indifference to serious medical needs' and is not a constitutional violation." *Id.*; Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980). See *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992). (No claim of constitutional dimension is stated where a prisoner challenges only matters of medical judgment or otherwise expresses any difference of opinion concerning the appropriate course of treatment.)

A prison official violates the 8th Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, and second, a prison official

5

must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Court finds that neither of these requirements were met in this case. There has been no serious deprivation of medical necessity or medications. In fact, the medications that were discontinued in December 2007 and January 2008, were not prescribed to treat a critical or life threatening condition. Plaintiff has had the opportunity to see a doctor, a dentist, and a psychiatrist at various times throughout his pre-trial incarceration. Plaintiff's issues appear to be no more than mere disagreement with regard to the medical treatment provided. The disagreement with regard to diagnosis and proper treatment does not rise to the level of a serious deprivation. *Perkins, supra*.

Plaintiff's claims of an 8th Amendment violation similarly fail to meet the subjective state of mind element. It appears that staff at the La Plata County Jail have been attempting to help and treat the Plaintiff. Plaintiff's medication was discontinued because the jail staff received information that Plaintiff was not swallowing his medication, and then trading to other inmates in return for phone cards. Further, there is evidence that during a September 12, 2007 "shake down" of Plaintiff's cell, partially dissolved psychotropic medications were found. The suspicion that Plaintiff was not actually taking his medication and that other inmates were receiving the medication, which they were not prescribed, is a legitimate reason to discontinue the medication regimen, especially considering that the medications were not prescribed to treat critical or life-threatening conditions. Additionally, the fact that the Jail staff did not provide a doctor, a dentist, and a psychiatrist, with the frequency that Plaintiff requested does not rise to the level of deliberate indifference. With regard to the Hepatitis C, the Jail's request at the behest of Dr. Searfus, for testing, the results indicate Hepatic function that is not life-threatening.

Dr. Searfus' interpretation of the test results indicate that although Plaintiff has chronic Hepatitis C, it is asymptomatic. And last, as stated earlier, the lack of the jail staff providing an O2 inhaler is not a serious depravation under the law.

B.   Plaintiff does not state facts that would give rise to success on the merits of any relevant claim under the 14th Amendment.

Plaintiff has not stated a claim that gives rise to a reasonable probability of success on the merits of a due process claim under the due process clause of the 14th Amendment of the United States Constitution. "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976). Accordingly, the Due Process Clause creates no separate and distinct obligations on the part of the Defendants or cause of action to be asserted by the Plaintiff, and hence, for the same reasons this Court finds Plaintiff's claims do not have reasonable probability of success on the merits under the 8th Amendment or under the 14th Amendment.

As a result, this Court recommends denial of Plaintiff's Motions for Preliminary Injunction.

**NOTICE: Pursuant to 28 U.S.C. § 637(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file written, specific objections to the above recommendations with the District Judge assigned to the case. The District Judge may not consider frivolous, conclusive, or general objections. The parties' failure to file and serve such written, specific objection waives *de novo* review of the**

recommendation by the District Judge, Fed.R.Civ.P. 72(b), *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives the appellate review of both factual and legal questions. *Makin v. Colorado Dept of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Dated: July /0 , 2008

BY THE COURT:

s/ David L. West
United States Magistrate Judge

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July, 2008, a true and correct copy of the foregoing Discovery Conference Memorandum and Order was telefaxed to the following:

Jaydee Russell
c/o La Plata County Jail
742 Turner Drive
Durango, Colorado 81301

By: s/Shirley W. Dills
**Assistant to Magistrate Judge**